IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-10041-R |
| | ) | Chapter 7 |
| ARROW TRUCKING COMPANY | ) | |
| EIN # xx-xxx4029 | ) | |
| | ) | |
| MEGAN CORPORATION | ) | SUBSTANTIVELY |
| EIN # xx-xxx6762 | ) | CONSOLIDATED |
| | ) | |
| Debtors. | ) | |

**MOTION TO SHORTEN NOTICE OF PROPOSED SETTLEMENT
AND TO EXTEND DEADLINE FOR FILING CLAIMS**

Comes now the Trustee and, in support of this motion, states:

1) Attached hereto as **Exhibit A** is a copy of the Trustee's Notice of Intent To Settle Disputed Matter and Motion for Order Extending Deadline to File Claims; Motion for Order Authorizing Special Notice to Employee Creditors Regarding WARN Act Violations and Entitlement to Assert WARN Act Damages as Priority Claims Pursuant to 11 U.S.C. 507(4); and Notice of Opportunity for Hearing.

2) That, in part, the referenced pleading seeks an extension of the deadline of July 6, 2010, to file claims based upon the trustee's conclusions that the debtor violated the WARN Act prior to the commencement of these proceedings by failing to provide at least sixty (60) days notice of the cessation of the debtor's business.

3) The present deadline for filing claims is July 6, 2010. As a result, time is of the essence.

Wherefore, the Trustee prays that the Notice deadline relative to the proposed pleading be shortened to a period of **fourteen (14) days.**

1

Respectfully submitted,

MALLOY LAW FIRM, P.C.

By: <u>s/ Patrick J. Malloy</u>
Patrick J. Malloy III, OBA #5647
111 West 5th St., Suite 700
Tulsa, Oklahoma  74103-4261
Telephone:     (918) 747-3491
Fax:                (918) 743-6103

-and-

Mark A. Waller
SNEED LANG HERROLD
One West Third Street
Tulsa, OK 74103-3552
Phone: (918) 588-1313
Fax: (918) 588-1314

ATTORNEYS FOR TRUSTEE

EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-10041-R |
| | ) | Chapter 7 |
| ARROW TRUCKING COMPANY | ) | |
| EIN # xx-xxx4029 | ) | |
| | ) | |
| MEGAN CORPORATION | ) | SUBSTANTIVELY |
| EIN # xx-xxx6762 | ) | CONSOLIDATED |
| | ) | |
| Debtors. | ) | |

**TRUSTEE'S NOTICE OF INTENT TO SETTLE DISPUTED MATTER;
MOTION FOR ORDER EXTENDING DEADLINE TO FILE CLAIMS;
MOTION FOR ORDER AUTHORIZING SPECIAL NOTICE TO
EMPLOYEE CREDITORS REGARDING WARN ACT VIOLATIONS
AND ENTITLEMENT TO ASSERT WARN ACT DAMAGES AS
PRIORITY CLAIMS PURSUANT TO 11 U.S.C. 507(4);
AND NOTICE OF OPPORTUNITY FOR HEARING**

Comes now the Trustee and states:

1) In addition to regular wage claims, the Trustee has investigated the debtor's possible violations of the Federal WARN ACT, 29 U.S.C. 2104, et seq. The basis for these types of claims as applied to the instant case can be summarized as follows:

   a) At all times relevant, the debtor in this proceeding, Arrow Trucking Company (Arrow) employed more 100 employees who, in the aggregate, worked at least 4000 hours per week, exclusive of overtime, within the United States.

   b) Arrow was an "employer" as that term is defined in 29 U.S.C. 2101(a)(1) and 20 C.F.R. 639.3(a).

   c) In December of 2009, Arrow effected one or more "plant closings" or mass layoffs" as those terms are defined by 29 U.S.C. 2101(a)(2) and (3).

   d) The complete shutdown of the offices as "facilities or operating units" constitutes a "plant closing" within the meaning of 29 U.S.C. 2101(a)(2), making all persons "affected employees" as a direct and proximate result of the failure to give notice as required under the WARN ACT.

   e) Arrow failed to give written notice of the plant closings and/or mass layoffs to the "affected employees" as required by the WARN ACT

1

EXHIBIT A

f) Arrow was required by the WARN ACT to give each of the employees at least 60 days prior written notice of the termination of their employment—which Arrow failed to do. Arrow failed to pay the employees their respective wages, salaries, or commissions, including vacation, severance, and sick pay for 60 working days following the respective terminations of their employment.

g) Arrow failed to make the pension and 401(k) contributions and to provide health insurance coverage and other employee benefits under ERISA for the benefit of the employees.

h) The penalty for violations of the WARN ACT is 60 days of "back wages."

3) The Trustee has reviewed relevant facts and circumstances and has concluded that, in fact, Arrow violated the WARN ACT. The basis for this conclusion can be summarized as follows:

a) Arrow was insolvent for years prior to the commencement of these proceedings and lost millions of dollars in the years prior to bankruptcy.

b) In recognition of its desperate financial condition, there is substantial evidence that Arrow insiders were causing Arrow to issue phony and fraudulent invoices to Arrow's lender in the months prior to bankruptcy.

c) Tax liabilities, including employee withholding taxes were not being paid on a timely basis months prior to the commencement of these proceedings.

d) In the year prior to bankruptcy, Arrow had defaulted on its various secured debt to various lenders.

e) In order to appease its secured lenders, Arrow entered into several loan restructuring agreements during the year prior to bankruptcy and subsequently defaulted under the terms of the restructuring agreements.

f) Substantial insider preference claims were effected within the waning days of the Arrow's operations

g) Arrow continued operations in the waning days of its existence with reckless disregard for the interests of its employees stranding drivers at locations throughout the country with insufficient resources to even purchase gas to make the trip home.

EXHIBIT A

      h)  Arrow insiders knew or in the exercise of reasonable care should have known that it was a failing business and that its operations should have been terminated with adequate notice to all employees.

4) As a result of the Trustee's conclusions that Arrow violated the WARN ACT, the Trustee has additionally concluded that the employees are entitled to increase their priority claims to the extent of an additional 60 days of wages as defined in section 507(4).

5) It is the Trustee's position that the WARN ACT claims arose prior to the commencement of these proceedings and are, therefore, not entitled to treatment as a court approved administrative claim. *See In re First Magnus Financial Corp.*, 390 B.R. 667 (Bankr. Ariz. 2008); *In re Powermate Holding Corp.*, 394 B.R. 765 (Bankr. Del. 2008). However, and based upon these same authorities, the Trustee has concluded that the Arrow employees' claims under the WARN ACT are entitled to treatment as a priority claim under 11 U.S.C. 507(4) to the extent the WARN ACT damages fall within the items afforded priority treatment under section 507. As noted in section 507(4), each employee priority claim, inclusive of the WARN ACT damages, cannot exceed $10,950.00.

6) As a result of the fact that the employee creditors of this estate are not familiar with the terms and conditions of the WARN Act or the relief afforded under the ACT, the Trustee proposes that a special Notice be sent to the employee creditors advising them of their rights under the ACT and affording them the right to either file original claims or amend their existing claims to include WARN ACT damages to the extent such damages are included within 11 U.S.C. 507(4) and subject to the limitation of $10,950.00 set forth in section 507(4). Attached hereto as **Exhibit A** is the Notice the Trustee proposes sending to all employee creditors.

7) The existing deadline for filing claims in this matter is **July 6, 2010**. In order to obtain authority for the actions contemplated by this pleading and to, thereafter, provide adequate Notice to the employee creditors, the Trustee believes the deadline for employees to either file claims or amend existing claims should be extended for a period of ninety (90) days. This request for an extension of time is limited only to the employee creditors.

8) The Trustee intends to seek the court's approval for:

   a) the Trustee's consent to an order finding and concluding that Arrow violated the terms and conditions of the WARN ACT prior to the commencement of these proceedings;

   b) an order authorizing the Trustee to provide special Notice to all employee creditors that based upon Arrow's pre-petition violation of the WARN ACT, the employees are entitled to file priority claims in this matter for "wages, salaries, or commissions, including vacation, severance, and sick leave pay due and owing at the time of the cessation of Arrow's business **plus** an additional sixty (60) days of such wages, etc. not to exceed $10,950.00 pursuant to 11 U.S.C. 507(4).

   c) An order extending the deadline for employee creditors only to file claims or amend existing claims for the purpose of including WARN ACT damages as set forth herein.

9) **NOTICE OF OPPORTUNITY FOR HEARING – Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 14 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If**

4

EXHIBIT A

no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 14 day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f).

                                          Respectfully submitted,

                                          MALLOY LAW FIRM, P.C.

                              By:    <u>s/ Patrick J. Malloy</u>
                                        Patrick J. Malloy III, OBA #5647
                                        111 West 5th St., Suite 700
                                        Tulsa, Oklahoma 74103-4261
                                        Telephone:   (918) 747-3491
                                        Fax:          (918) 743-6103

                                        -and-

                                        Mark A. Waller
                                        SNEED LANG HERROLD
                                        One West Third Street
                                        Tulsa, OK 74103-3552
                                        Phone: (918) 588-1313
                                        Fax: (918) 588-1314

                                        ATTORNEYS FOR TRUSTEE